Filed in open court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. No. 24-109-2 (JLH) |
| | ) | |
| BRIGETTE MILLER-LEVY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Julianne E. Murray, United States Attorney for the District of Delaware, and Benjamin L. Wallace, Assistant United States Attorney, and the defendant, Brigette Miller-Levy, by and through her attorney, Margaret M. Grasso, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to: Count 1 of the Indictment, which charges her with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; and Count 3 of the Indictment, to the extent it charges her with conspiracy to violate 18 U.S.C. § 1957, in violation of 18 U.S.C. § 1956(h).

2. The defendant understands that the maximum penalties for Count 1 are: 30 years of imprisonment; a $1,000,000 fine or twice the gross gain or loss from the offense, whichever is greater; five years of supervised release; restitution; and a $100 special assessment.

3. The defendant understands that the maximum penalties for Count 3 are: 10 years of imprisonment; a $250,000 fine or twice the gross gain or loss from

the offense, whichever is greater; three years of supervised release; restitution; and a $100 special assessment.

4. The defendant understands that if there were a trial with regard to Count 1, the government would need to prove the following elements beyond a reasonable doubt: (1) that two or more persons agreed to commit bank fraud in violation of 18 U.S.C. § 1344 by knowingly executing a scheme to obtain funds under the custody or control of a financial institution by means of false and fraudulent representations; (2) that the defendant was a party to or member of that agreement; (3) that the defendant joined the agreement knowing of its objective to commit bank fraud and intending to join together with at least one other person to achieve that objective. The defendant knowingly, voluntarily, and intelligently admits her guilt to each of the above-described elements.

5. The defendant understands that if there were a trial with regard to Count 3, the government would need to prove the following elements beyond a reasonable doubt: (1) that two or more persons agreed to commit money laundering in violation of 18 U.S.C. § 1957 by engaging in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity; (2) that the defendant was a party to or member of that agreement; (3) that the defendant joined the agreement knowing of its objective to commit money laundering in violation of 18 U.S.C. § 1957 and intending to join together with at least one other person to achieve that objective. The defendant knowingly, voluntarily, and intelligently admits her guilt to each of the above-described elements.

6. The defendant is pleading guilty to Counts 1 and 3 because she is, in fact, guilty.

7. The defendant waives the statute of limitations as to Counts 1 and 3, including Count 3 to the extent it charges the defendant with conspiracy to violate 18 U.S.C. § 1956, and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if Counts 1 and 3 are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on Counts 1 and 3.

8. Pursuant to Section 6B1.4 of the November 1, 2024, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

a. Pursuant to U.S.S.G. § 2X1.1(b)(2), the offense level for both Counts 1 and 3 is the same as the offense level for the corresponding substantive offense because the defendant and her co-conspirators completed all the acts they believed necessary on their part for the successful completion of the substantive offense.

b. Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), the amount of loss as to Count 1, including relevant conduct as defined in U.S.S.G. § 1B1.3, is $882,777.70.

c. Pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level for Count 3 is the total offense level for Count 1.

d. Pursuant to U.S.S.G. § 2S1.1(b)(2), the defendant's offense level should be increased by one level, rather than two, because she is pleading guilty to conspiring to violate 18 U.S.C. § 1957.

e. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the offense level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's offense level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's offense level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

9. The government agrees to recommend a sentence at the bottom of the applicable Guidelines range set forth in the final Presentence Investigation Report. The United States retains the right to make whatever other recommendations at the time of sentencing it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

10. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

11. Pursuant to 18 U.S.C. § 982(a)(2), the defendant agrees to forfeit any property constituting, or derived from, proceeds the defendant obtained directly or indirectly from the conspiracy to commit bank fraud charged in Count 1. The property to be forfeited under Count 1 is expected to include a forfeiture money judgment of $329,100. The defendant understands that an unanticipated amount of a forfeiture order will not serve as grounds to withdraw her guilty plea.

12. The defendant agrees to waive any and all interests in any property subject to forfeiture in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant further agrees that the United States may satisfy the forfeiture judgment as to Count 1 by forfeiting any property of the defendant that is not directly forfeited in this case, as substitute assets under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

The defendant hereby consents to the entry of orders of forfeiture for property that is forfeitable either directly or as substitute assets and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that she understands that forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

13. In exchange for the promises made by the government in entering this plea agreement, the defendant knows that she has, and voluntarily and expressly waives, the right to appeal or collaterally attack her conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding the foregoing, the defendant reserves the right to (1) file an appeal or other collateral motion on the grounds that she received ineffective assistance of counsel, and (2) appeal her sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court

imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

14. The defendant agrees to pay a $200 special assessment the day of sentencing. Should she fail to do so, or should she have other outstanding financial responsibilities as a result of her plea of guilty to Counts 1 and 3 the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

15. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

16. Pursuant to 18 U.S.C. §§ 3663 and 3663A, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities as ordered by the Court, and expected to include: $882,777.70. The defendant shall be jointly and severally liable for this restitution amount with her co-conspirators, as determined by the Court. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw her guilty plea.

17. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

a. The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party. No later than thirty (30) days subsequent to the defendant's change of plea hearing, the defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosure set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

b. Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosure set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the discretion of the government, the defendant will participate in a

deposition in aid of collection of restitution, which may occur any time between entry of the guilty plea and entry of judgment.

c. Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (1) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (2) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (3) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

[Remainder of page intentionally blank]

18. It is further agreed by the undersigned parties that this Memorandum —together with sealed Attachment A—supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

Julianne E. Murray
United States Attorney

______________________________ By: ______________________________
Margaret M. Grasso, Esquire
Attorney for Defendant

Benjamin L. Wallace
Assistant United States Attorney

______________________________
Brigette Miller-Levy
Defendant

Dated: 10/7/25

**AND NOW**, this 7 day of October 2025, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

______________________________
The Honorable Jennifer L. Hall
United States District Judge